UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| RICHMOND OCLOO, | § | |
| | § | |
| Plaintiff, | § | |
| VS. | § | CIVIL ACTION NO. H-04-3831 |
| | § | |
| JOHN KELLY, *et al*, | § | |
| | § | |
| Defendants. | § | |

ORDER OF DISMISSAL

While an Immigration and Customs Enforcement detainee, plaintiff filed a *pro se* complaint alleging that personnel at the Harris County, Texas Jail used excessive force against him in violation of the Eighth Amendment when plaintiff was incarcerated in the jail. (Docket Entry No.1). Defendants Tommy Thomas and John Kelly were served with process. Defendant Thomas filed a motion for summary judgment (Docket Entry No.20), to which plaintiff filed a response on September 14, 2005. (Docket Entry No.24). Defendant Kelly has not filed a disposition motion but has sought an extension of time to file the same. (Docket Entries No.22, No.26). Plaintiff has not responded to Kelly's motions.

On October 12, 2004, defendant Thomas informed the Court by an advisory that plaintiff had been removed from the United States. (Docket Entry No.27). Thomas attached to the advisory a Notice of Mootness and a Warrant of Removal/Deportation, which had been filed in a habeas action pending in this Court. *See Ocloo v. Gonzalez*, Civil Action No.H:05-CV-2843 (S.D. Tex.). The Warrant of Removal/Deportation indicates that plaintiff was removed on September 21, 2005, to Ghana, Liberia by charter flight. (Docket Entry No.27). Plaintiff has not responded to the advisory and has not communicated with the Court since September 14, 2005,

when he filed a response to Thomas's motion for summary judgment.

Under local rule 83.4, a *pro se* litigant is responsible for keeping the Clerk advised in writing of his current address. The Court will only send notices to the address on file. Plaintiff has been removed from the United States and has clearly failed to provide the Court with an accurate, current address.

The plaintiff's failure to provide the Court with a current address forces the Court to conclude that he lacks due diligence. Therefore, under the inherent powers necessarily vested in a court to manage its own affairs, this Court determines that dismissal for want of prosecution is appropriate. *See* Fed. R. Civ. P. 41(b); *Woodson v. Surgitek, Inc.,* 57 F.3d 1406, 1417 (5th Cir. 1995). The plaintiff is advised, however, that upon a proper showing, relief from this order may be granted in accordance with Rule 60(b) of the Federal Rules of Civil Procedure.

Accordingly, it is ORDERED that this action be DISMISSED without prejudice for want of prosecution. All pending motions are DENIED, as moot. (Docket Entries No.16, No.20, No.22, No.23, No.26).

The Clerk will provide a copy of this Order to all parties.

Signed at Houston, Texas, this 4th day of November, 2005.

Melinda Harmon
United States District Judge